IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30019 |
| | ) | |
| JOHN ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant John Anderson's sentencing hearing held October 18, 2005. Anderson was present in person and with counsel, Douglas Beevers. The Government was present by Assistant United States Attorney Greg Gilmore. On April 7, 2005, Anderson entered an open guilty plea to two counts of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).

The Court was in receipt of a Revised Presentence Report (PSR), dated September 16, 2005, prepared by the United States Probation Office. By letter to the Probation Office, Anderson raised several objections to the PSR. At the sentencing hearing, Anderson withdrew all of his objections

1

except an objection to ¶ 33, which recommended a four-level enhancement in offense level under U.S.S.G. § 2K2.1(b)(5) for transferring a firearm with reason to believe it would be used or possessed in connection with another felony offense. For reasons stated of record, the Court found that the § 2K2.1(b)(5) enhancement was supported by ¶ 9 of the PSR and the Defendant's own testimony at the sentencing hearing. The Court noted that this was not a case of entrapment, as Anderson's own testimony demonstrated that he would have considered selling a gun to someone who was a drug dealer.

The Court, therefore, overruled Anderson's objection and adopted the findings of the PSR. Anderson had a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4). Anderson's offense level was increased by 2 levels under U.S.S.G. § 2K2.1(b)(4) because his crime involved stolen firearms. The offense level was increased by 4 levels under U.S.S.G. § 2K2.1(b)(5) as set forth above. Anderson was entitled to a three-level reduction for his acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a final offense level of 23. Anderson had 9 criminal history points, which placed him in category IV. An offense level of 23 with a criminal history category IV results in a Guideline range of 70 to 87 months imprisonment, in Zone

D.  The Court recognized that, after the Supreme Court decision in <u>United States v. Booker</u>, the U.S.S.G. are no longer binding on the Court.  <u>Booker</u>, 125 S.Ct. 738 (2005).  However, they remain a factor for the Court to consider in sentencing.  <u>United States v. Williams</u>, 410 F.3d 397 (7th Cir. 2005).

THEREFORE, after considering the case file, including the PSR, the statements of counsel, Anderson's own statement, the applicable sentencing guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Anderson to 70 months imprisonment, to run concurrently on each count, but consecutively to the undischarged portion of Anderson's sentence in Adams County, Illinois, Case No. 05-CF-16. Anderson was ordered to pay a fine of $690.00 as follows: (1) while employed in prison, Anderson shall pay $25.00 a month and (2) upon Anderson's release from prison, the unpaid balance of the fine shall be immediately due and payable. Anderson was also ordered to pay a $200.00 special assessment within the first three years of his imprisonment.  Should Anderson receive a sum of money from any source that exceeds the amount of the then unpaid fine and special assessment, he shall report the matter to the Probation Office and the entire amount of the unpaid balance shall be immediately due and

payable. Should Anderson fail to make any prescribed payment without giving prior notice to the Probation Office or the Court, the entire amount of the unpaid fine and special assessment shall be immediately due and payable. After his release from prison, Anderson was ordered to serve a term of three years of supervised release on each count to run concurrently.

IT IS THEREFORE SO ORDERED.

ENTER: October 19, 2005.

FOR THE COURT:

        s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE